The Honorable Robert N. Jeffrey State Representative 181 Charlotte Ann Camden, Arkansas 71701-9542
Dear Representative Jeffrey:
I am writing in response to your request for an opinion on the following questions concerning local sales taxes:
Does Arkansas law provide for a limit on the rate of sales tax a city or county may adopt? If so, what is the maximum rate? Also, does Arkansas law set a limit on the amount of money that may be collected by a city or county sales tax? If so, what is the amount?
RESPONSE
The answer to your first question is clearly "yes," in my opinion, but there is no single applicable rate for all cities and counties because of the various statutes under which sales taxes may be levied. Accordingly, I am unable to respond to your second question as posed, although I can and will attempt to set out the various authorizing statutes. I will also note, as explained further below, with regard specifically to A.C.A. §§ 26-74-201 — 223, 26-74-301 — 319, 26-75-201
— 223, and 26-75-301 — 318, that while these statutes at one time each provided for the levy of up to a one percent (1%) general sales and use tax, language was added in 2001 to authorize "any combination" of the stated percentages. In response to your questions concerning the amount that may be collected under a city or county sales tax, there is no overall limit, and the legislature recently repealed a previous cap on sales and use taxes on purchases of more than $2,500.00, effective January 1, 2008. See A.C.A. § 26-73-301 (Supp. 2007). State law now provides that a sales or use tax shall be levied and collected only on the first $2,500 of proceeds from the sale of certain specified items. Provision is also made for certain rebates.
Question 1 — Does Arkansas law provide for a limit on the rate of sales tax a city or county may adopt? If so, what is the maximum rate?
It must first be noted in addressing these questions concerning local sales taxes that the power of counties and cities to authorize a tax on the sale of goods or services falls within the category of powers that require state delegation. See A.C.A. §§ 14-14-806 and 14-43-606 (Repl. 1998). See also A.C.A. § 26-73-103(g) (Repl. 1997) ("Until otherwise authorized by the General Assembly, cities and counties shall have no authority to levy any new sales or use taxes after April 1, 1977."); City of Little Rock v. Waters, 303 Ark. 363, 368, 797 S.W.2d 426 (1990) ("A state's power to impose a use tax is not conferred. It inheres in the sovereign and is plenary. See 68 AM. JUR. 2d Sales and Use Taxes 184 (1973)"), overruled on other grounds by Daniel v. Jones, 332 Ark. 489,501, 966 S.W.2d 226 (1998), as recognized in Barclay v. Waters,357 Ark. 386, 393, 182 S.W.3d 91 (2004), reh. denied, 2004.
A review of state law in this regard reveals that the legislature has enacted various statutes authorizing the levy of sales and use taxes by counties and cities.[1] Additionally, and more specific to your particular questions, it is apparent from this review that no single, across-the-board maximum rate can be identified. Rather, this will depend upon the authority under which a county or city proceeds in levying the tax or taxes. The statutes under which a county or a city might proceed in adopting a sales tax include the following:
A.C.A. §§ 26-73-110 — 112 ((Repl. 1997 and Supp. 2007) (special city or county local sales and use tax of up to 0.25%, restricted in use to "public mass transportation systems and facilities");
A.C.A. § 26-73-113 (Repl. 1997) (alternative city or county sales and use tax of 0.25%, 0.50%, 0.75%, or 1%, in lieu of the tax authorized to defray bonded debt under A.C.A. § 14-164-327);[2]
A.C.A. §§ 26-74-201 — 223 (Repl. 1997 and Supp. 2007) (county sales and use tax of 0.125%, 0.25%, 0.50%, 0.75%, 1%, "or any combination of these amounts[,]" id. at — 207(a)(1) (Supp. 2007), to secure the payment of capital improvement bonds, or for any purpose for which the general fund of a city or county may be used, id. at -201(c)(2) (Supp. 2007);
A.C.A. §§ 26-74-301 — 319 (Repl. 1997 and Supp. 2007) (county sales and use tax of 0.125%, 0.25%, 0.50%, 0.75%, 1%, "or any combination of these amounts[,]" id. at — 307(a)(1) (Supp. 2007), to secure the payment of capital improvement bonds, or for any purpose for which the general fund of a city or county may be used, id. at -301(c)(2) (Supp. 2007);
A.C.A. §§ 26-74-401 — 414 (Repl. 1997 and Supp. 2007) (sales and use tax for counties without existing tax on March 14, 1991);
A.C.A. §§ 26-74-601 — 615 (Supp. 2007) (county sales and use tax of 0.125%, 0.25%, 0.50%, 0.75%, or 1%, for capital improvements to or maintenance and operation of an eligible community college campus);
A.C.A. §§ 26-75-201 — 223 (Repl. 1997 and Supp. 2007) (city sales and use tax of 0.125%, 0.25%, 0.50%, 0.75%, 1%, "or any combination of these amounts[,]" id. at — 207(a)(1) (Supp. 2007), to secure the payment of capital improvement bonds, or for any purpose for which the city's general fund may be used, id. at -201(c)(2) (Supp. 2007);
A.C.A. §§ 26-75-301 — 321 (city sales or gross receipts and use tax of 0.125%, 0.25%, 0.50%, 0.75%, 1%, "or any combination of these amounts[,]" id. at — 307(a)(1) (Supp. 2007), to secure the payment of capital improvement bonds, or for any purpose for which the city's general fund may be used, id. at -301(c)(2) (Supp. 2007);
A.C.A. §§ 26-75-401 to -411 (Repl. 1997 and Supp. 2007) (temporary city sales and use tax of either 1% or 0.05% for acquisition, construction, or improvement of city parks);
A.C.A. §§ 26-75-501 to -508 (Repl. 1997 and Supp. 2007) (city gross receipts tax not to exceed 1%, applicable to cities with populations not over 40,000);
A.C.A. § 14-164-327 (Supp. 2007) (city or county sales and use tax of 0.125%, 0.25%, 0.50%, 0.75%, 1%, "or any combination of these amounts[,]" but no greater than 1%, id. at (a), to retire capital improvements bonds);
A.C.A. § 14-164-338 (Supp. 2007) (city or county sales and use tax of 1% to finance capital improvements on a so-called "pay-as-you-go" basis, as an alternative to issuing bonds). While it is apparent from a review of these provisions that there is no single maximum sales tax rate, a maximum rate can be identified in connection with several of the statutory schemes. For instance, A.C.A. § 26-74-401 — 414, applicable to counties not having a countywide 1% sales and use tax on March 14, 1991, provides: "Notwithstanding any other laws granting counties authority to levy sales and use taxes, no county levying a tax pursuant to this act shall have authority to levy combined total sales and use taxes at a rate greater than two percent (2%)." Id. at -414 (Repl. 1997). Reference should also be made to A.C.A. § 26-74-614 (Supp. 2007), regarding the tax to support a community college, which states: "Notwithstanding any other law granting a county authority to levy sales and use taxes, no eligible county levying a tax pursuant to this subchapter shall have authority to levy such a tax if the effect of the levy of the tax is to cause the rate of the combined total sales and use taxes of the eligible county to exceed three percent (3%)."
Additionally, regarding sales taxes that may be levied by counties and cities for general purposes pursuant to A.C.A. §§ 26-74-201 — 223 and 26-74 301 — 319 (counties) and A.C.A. §§ 26-75-201 — 223 and 26-75-301
— 318 (cities), it appears that the maximum authorized rate under these subchapters was increased in 2001, when each subchapter was amended to authorize "any combination" of the stated percentages (0.125%, 0.25%, 0.50%, 0.75%, and 1%). See Acts 2001, No. 1560, §§ 5 and 6 (amending A.C.A. §§ 26-74-207(a) and -307(a)) and Acts 2001, No. 1561, §§ 5 and 6 (amending A.C.A. §§ 26-75-207(a) and -307(a)). Each of the cited statutes now provides that the tax may be levied "in the amount of one-eighth of one percent (0.125%), one-fourth of one percent (0.25%), one-half of one percent (0.50%), three-fourths of one percent (0.75%), one percent (1%), or any combination of these amounts." Id. (emphasis added). Although we do not have the benefit of any case law addressing this language, the plain wording would suggest that the fractional amounts can be combined, potentially yielding a sales tax of 2.625%, assuming voter approval is obtained. This view of the statutes may be bolstered by the express limitation under A.C.A. § 14-164-327 with respect to the tax authorized to defray bonded debt, which provides: ". . .there shall not be in effect at any one (1) time taxes levied under this subchapter at an aggregate rate greater than one percent (1%)." Id. at (a)(2)(B). This language was added to § 14-164-327 at the same legislative session, see Acts 2001, No. 1168, § 1, as the "any combination" language under the county and city general sales tax statutes. Clearly, when the legislature has intended to impose such a limitation, it has done so expressly.
It should also be noted in this regard that according to previous opinions of this office, subchapters 2 and 3 of Title 26, Chapters 74 and 75, authorize separate taxes. See Op. Att'y Gen. Nos. 97-087, 96-093, 94-058 and 93-078. See also City of Little Rock v. Waters, supra (implicitly stating that subchapters 2 and 3 of Title 26, Chapter 74, authorize separate taxes). The law has not changed in this regard. Accordingly, as a general proposition, it appears that subject to the voters' approval, a county might levy a general sales tax of 2.625% pursuant to both A.C.A. §§ 26-74-201 — 223 and 26-74-301 — 319, for a total of 5.25%. Similarly, subject to approval of the voters, a city might levy a general sales tax of 2.625% pursuant to both A.C.A. §§26-75-201 — 223 and 26-75-301 — 319, for a total of 5.25%. But note A.C.A. §§ 26-74-414 and 26-74-614, as discussed above.
Question 2 — Does Arkansas law set a limit on the amount of money that may be collected by a city or county sales tax? If so, what is the amount?
There is no overall limit on collections. Act 1273 of 2003 removed a previous cap on sales and use taxes on purchases of more than $2,500.00, effective January 1, 2008. See A.C.A. § 26-73-301 (Supp. 2007). State law now provides that a sales or use tax shall be levied and collected only on the first $2,500 of proceeds from the sale of certain specified items. Id. Provision is also made for certain rebates. See A.C.A. §§26-74-213 (Supp. 2007), 26-75-321 (Supp. 2007), and A.C.A. § 26-52-523
(Supp. 2007).
Arkansas Code Annotated A.C.A. § 26-73-301 states:
(a) Any municipal or county sales or use tax levied pursuant to the laws of this state shall be levied and collected only on the first two thousand five hundred dollars ($2,500) of gross receipts, gross proceeds, or sales price on the sale of a:
(1) Motor vehicle;
(2) Aircraft;
(3) Watercraft;
(4) Modular home;
(5) Manufactured home; and
(6) Mobile home.
(b) This provision shall apply to all municipal and county sales and use taxes adopted before or after this section and shall be in addition to and not in lieu of any other limitations imposed by law.
A.C.A. § 26-73-301 (Supp. 2007) (as amended Acts 2003, No. 1273, § 33, effective January 1, 2008).
The $2,500 cap thus now only applies with respect to sales of a "motor vehicle, aircraft, watercraft, modular home, manufactured home, or mobile home." Id. See also A.C.A. §§ 26-74-220 and -320 (Supp. 2007) (regarding county sales and use taxes, effective January 1, 2008); A.C.A. §§ 26-75-222 and -319 (Supp. 2007) (regarding city sales and use taxes, effective January 1, 2008). Prior to its amendment byAct 1273 of 2003, subsection 26-73-301 stated in relevant part:
Any municipal or county sales or use tax levied pursuant to the laws of this state shall be levied and collected only on the first two thousand five hundred dollars ($2,500) of gross receipts, gross proceeds, or sales price from a single transaction. . . .
A.C.A. § 26-73-301 (Repl. 1997).
I recently responded to a question concerning the legislature's authority to remove this $2,500 cap. I concluded in Attorney General Opinion 2008-030 that the legislature did have such authority. I also recently concluded that counties and cities lack the authority to rebate to individual purchasers any local sales tax that was levied and collected on sales over $2,500, other than as to those items listed in A.C.A. § 26-73-301. As I stated in Op. Att'y Gen. 2008-031:
The new taxing requirements include provisions for the rebate of county and city sales taxes collected on sales over $2,500, but the rebate provision only applies to sales of those items included in the maximum tax limitation, i.e., motor vehicles, aircraft, watercraft, modular homes manufactured homes, and mobile homes. See A.C.A. §§26-74-213 (Supp. 2007) (county rebate) and 26-75-321 (Supp. 2007) (city rebate). Additionally, the legislature in 2007 enacted a credit or rebate provision that applies to certain business purchases, but the new law does not apply to individual consumption.
Op. 2008-031 at 3 (emphasis original), citing A.C.A. § 26-52-523
(Supp. 2007).
A copy of Opinion 2008-031 is enclosed for your convenience.
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General
[1] A number of statutes also authorize so-called "hamburger taxes," which are gross receipt taxes levied on hotels and restaurants and similar establishments. See A.C.A. §§ 14-20-112 (Supp. 2007), 26-74-501
— 505 (Repl. 1997), 26-75-601 — 618 (Repl. 1997 and Supp. 2007), and26-75-701 — 705 (Repl. 1997 and Supp. 2007). Because you have asked about sales taxes, I assume your questions pertain to those Arkansas provisions that authorize the levy of sales and use taxes, which are distinct from these "hamburger taxes."
[2] A total of 1% sales and use tax is authorized between A.C.A. §§26-73-113 and 14-164-327. See A.C.A. § 26-73-113(a)(1) (Repl. 1997) (authorizing the tax "in lieu of" levying a sales and use tax "solely to pay bonded debt under § 14-164-327," and stating that by levying the tax under § 26-73-113, the city or county "shall lose its authority to levy up to a one percent (1%) sales and use tax under § 14-164-327 solely to pay bonded debt only to the extent of the tax levied hereunder.") As explained by one of my predecessors, therefore, "if a city or county levies, for example, a one-fourth of one percent [0.25%] tax under A.C.A. § 26-73-113, it retains its authority to levy only a three-fourths percent [0.75%] tax to retire bonded debt under A.C.A. § 14-164-327." Op. Att'y Gen. 92-243.